# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0396V

|  |  |
|---|---|
| WILL GALLAWAY,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: August 4, 2025 |

*David John Carney, Green & Schafle LLC, Philadelphia, PA,* for Petitioner.

*Austin Joel Egan, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 8, 2021, Will Gallaway filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine he received on October 25, 2019. Petition at 1. On April 28, 2025, I issued a decision finding Petitioner entitled to compensation and awarding damages following briefing by the parties. ECF No. 45.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $57,347.27 (representing $55,779.00 for fees and $1,568.27 for costs). Petitioner's Application for Fees and Costs filed May 15, 2025, ECF No. 49. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. *Id.* at 44.

Respondent reacted to the motion on May 22, 2025, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 50. Petitioner did not file a reply thereafter.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees and costs to be awarded appropriate, for the reason set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has requested an hourly rate of $475.00 for the work attorney David Carney performed in 2025, representing an increase of $25.00. ECF No. 49 at 29 (entries dated 1/5/25 thru 5/15/25). Based on Mr. Carney's experience, I find his proposed rate to be reasonable and within the appropriate range based on the OSM Attorney's Fee Schedule.[3]

However, a few of the tasks performed by Mr. Carney are more properly billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $401.20.**[5]

I also note this case required additional briefing regarding entitlement and damages. *See* Petitioner's Motion for Ruling on the Record in Support of Damages, filed Dec. 30, 2022, ECF No. 32; Petitioner's Reply to Response to Petitioner's Motion for Ruling on the Record in Support of Damages, filed Feb. 16, 2023, ECF No. 36; . Petitioner's counsel expended approximately 17.0 hours drafting the motion requesting an entitlement and damages determination and 11.6 drafting the reply, for a total of 28.6 hours; and 17.3 hours drafting the order to show cause response and 16.0 hours drafting the reply, for a total of 23.3 hours. ECF No. 49 at 22-24, 27-28. Although the hours spent on this briefing were significant, considering it resulted in four separate filings, it was not

---

[3] The 2025 Attorney's Forum Hourly Rate Fee Schedule is available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

[4] These entries, drafting basic documents such as an exhibit list, notice of filings, statement of completion, joint notice not to seek review, and election to accept judgment are dated as follows: 4/26/21 (two entries), 9/22/21, 2/16/23, and 1/26/24. ECF No. 49 at 18-19, 24, 27.

[5] This amount consists of ($375 - $172) x 1.0 hrs. + ($425 - $186) x 0.3 hrs. + ($450 - $197) x 0.5 hrs. = $401.20.

excessive. Thus, I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

## ATTORNEY COSTS

Petitioner requests $1,568.27 in overall costs and has provided receipts for all expenses. ECF No. 49 at 32-44. I have reviewed the requested costs and find them to be reasonable. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 50.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$56,946.07 (representing $55,377.80 for fees and $1,568.27 for costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.